FILED
CLERK U.S. DISTRICT COURT

FEB -- 4 2008

CENTRAL DISTRICT OF CALIFORNIA
BY                              DEPUTY

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA-WESTERN DIVISION

RONALD D. KATT,                    ) CV 03-8917-DSF (SH)
                                   )
                Plaintiff,         ) ORDER ADOPTING REPORT
                                   ) AND RECOMMENDATION OF
        v.                         ) UNITED STATES MAGISTRATE
                                   ) JUDGE
MICHAEL J. ASTRUE, Comm.           )
Social Security Administration,    )
                                   )
                Defendant,         )
                                   )

        Pursuant to 28 U.S.C. §636(b)(1)(B), the Court has reviewed the pleadings
and other papers herein along with the attached Report and Recommendation of
United States Magistrate Judge, and has made a de novo determination of the
Report and Recommendation.

        IT IS ORDERED that (1) the Report and Recommendation is approved and
adopted as the Facts and Conclusions of Law herein; (2) plaintiff's Motion for
EAJA fees is partially granted; and (3)  EAJA  fees in the reduced amount of
$6,055.00 are awarded.

1      IT IS FURTHER ORDERED that the Clerk shall serve forthwith a copy of

2  this Order, and the Magistrate Judge's Report and Recommendation, by United

3  States mail on counsel for the parties.

4  DATED:    2-4-08

5

6

7

8

9                           DALE S. FISCHER
                    UNITED STATES  DISTRICT JUDGE

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

1
2
3
4
5
6
7
8

FILED
CLERK, U.S. DISTRICT COURT

JAN   9 2008

CENTRAL DISTRICT OF CALIFORNIA
BY                                    DEPUTY

9          UNITED STATES DISTRICT COURT

10     CENTRAL DISTRICT OF CALIFORNIA- WESTERN DIVISION

11
12
13
14
15    RONALD D. KATT,                    )  No. CV 03-8917-DSF (SH)
                                         )
16              Plaintiff,               )  REPORT AND RECOMMENDATION
                                         )  OF UNITED STATES MAGISTRATE
17              v.                       )  JUDGE
                                         )
18    MICHAEL J. ASTRUE,                 )
      Commissioner of Social Security,   )
19                                       )
                Defendant.               )
20                                       )
                                         )
21    ─────────────────────────────────
22          This Report and Recommendation is submitted to the Honorable

23    Dale S. Fischer, United States District Judge, pursuant to 28 U.S.C. § 636 and

24    General Order 01-13 of the United States District Court for the Central District of

25    California.

26

27                        **I. BACKGROUND**

28          On January 23, 1997, plaintiff protectively filed applications for

      Supplemental Security Income ("SSI") and Disability Insurance Benefits ("DIB"),

1   alleging a disability onset date of November 1, 1989.  The claims were denied

2   initially and on reconsideration.  Plaintiff subsequently requested and received a

3   hearing before Administrative Law Judge ("ALJ") Charles L. Hall.  At the

4   hearing, plaintiff amended his alleged onset date to January 23, 1997, and agreed

5   to seek benefits only under his SSI claim.  (Administrative Record ["AR"] 245).

6   On September 25, 1998, the ALJ found plaintiff disabled as of January 23, 1997.

7   (AR 212).

8      Plaintiff thereafter informed his counsel that he had not been aware of the

9   consequences of amending his alleged onset date, and requested review of the

10   decision.  The Appeals Council remanded the claim to the ALJ for consideration

11   of plaintiff's DIB claim and disability during the relevant period beginning

12   November 1, 1989 to January 23, 1997.[1]  (AR 228-29).  A supplemental hearing

13   was held before the ALJ.

14      On December 12, 2000, the ALJ issued a new decision, finding that plaintiff

15   was not entitled to DIB benefits[2] based upon an alleged onset date of November 1,

16   1989.[3]  (AR 21).  Plaintiff again appealed the decision.  The Appeals Council

17   denied plaintiff's request for review, and the ALJ's decision became the final

18   decision of the Commissioner of Social Security.  (AR 4-7).

19      Plaintiff sought review of the decision of the Commissioner in this Court.

20   On November 1, 2004, United States District Judge Dale S. Fischer entered an

21   Order adopting the undersigned Magistrate Judge's Report and Recommendation

22   and, thereby, dismissing plaintiff's Complaint.

23      Plaintiff then appealed to the United States Court of Appeals for the Ninth

24

25   [1]   The Appeals Council affirmed the ALJ's finding of disability since January 23, 1997.

26   [2]   Plaintiff's date last insured was December 31, 1989.

27
28   [3]   The ALJ did not disturb plaintiff's SSI benefits (i.e., that plaintiff had been disabled since January 23, 1997).

1  Circuit. On March 14, 2007, the Ninth Circuit reversed this Court's decision and

2  remanded the matter for further proceedings.

3    On May 17, 2007, plaintiff filed, in this Court, a Motion for Award of

4  Attorney Fees Pursuant to the Equal Access To Justice Act ("EAJA") (hereinafter

5  "Motion"), 28 U.S.C. § 2412, in the amount of $10,477.50. On June 8, 2007,

6  defendant filed an Opposition to the Motion ("Opposition"), arguing that plaintiff

7  is not entitled to the EAJA fees and that, in the alternative, the EAJA fees should

8  be reduced by at least $4,350. Plaintiff filed a Reply to the Opposition

9  ("Plaintiff's Reply") on June 21, 2007. Pursuant to a minute order issued on

10  August 20, 2007, defendant filed a Reply to Plaintiff's Reply ("Defendant's

11  Reply") on August 27, 2007.

12

13  ## II. DISCUSSION

14    Under the EAJA, the prevailing party is entitled to attorney fees where the

15  position of the government was not substantially justified, and no special

16  circumstances make an award of attorney fees unjust. 28 U.S.C. § 2412(d)(1)(A).

17    **A.**   **Prevailing Party**

18    On March 14, 2007, the Ninth Circuit reversed this Court's decision and

19  remanded the matter for further proceedings. The Ninth Circuit found that there

20  was ambiguity in the record regarding the onset date of plaintiff's disability and,

21  thus, the ALJ was required to call upon the testimony of a medical expert or, if

22  medical testimony was unhelpful, explore lay witness testimony. Accordingly,

23  plaintiff is a "prevailing party" within the meaning of the EAJA. See Corbin v.

24  Apfel, 149 F.3d 1051, 1053 (9th Cir. 1998); see also Shalala v. Schaefer, 509 U.S.

25  292, 300-02, 113 S.Ct. 2625, 125 L.Ed.2d 239 (1993) (holding that a plaintiff who

26  obtains a Sentence Four remand is considered a prevailing party for purposes of

27  attorney fees claims brought pursuant to the EAJA).

28

**B.   Substantial Justification**

In <u>Pierce v. Underwood</u>, 487 U.S. 552, 565, 108 S.Ct. 2541, 101 L.Ed.2d 490 (1988), the term "substantially justified" was defined as "'justified in substance or in the main' – that is, justified to a degree that could satisfy a reasonable person. That is no different from the 'reasonable basis both in law and fact' formulation adopted by the Ninth Circuit and the vast majority of other Courts of Appeals that have addressed this issue." In viewing the conduct of the Government, "the remedial purpose of the EAJA is best served by considering the totality of the circumstances prelitigation and during trial." <u>United States v. Gavilan Joint Community College Dist.</u>, 849 F.2d 1246, 1248 (9th Cir. 1988) (citations and quotations omitted). In evaluating the reasonableness of the Government's position, the Court must "focus on the remand issue rather than the ultimate disability determination." <u>Lewis v. Barnhart</u>, 281 F.3d 1081, 1086 (9th Cir. 2002).

Defendant argues that he was "substantially justified" in his defense of the underlying case. (Opposition at 3-6.) He contends that the Commissioner reasonably relied on Social Security regulations and Ninth Circuit case law in arguing that plaintiff had not carried his burden of proving that he became disabled prior to his date last insured.[4] (Opposition at 6.)

The Court finds that defendant was not substantially justified in defending against plaintiff's arguments. As the Ninth Circuit found, in reversing this Court's November 1, 2004 decision, the medical evidence concerning the onset date was not definite and, therefore, the ALJ was <u>required</u> to call a medical expert (or, if

---

[4]   For plaintiff to have been entitled to DIB benefits, he was required to show that he became disabled prior to his date last insured, and that he was continuously disabled from that time. See <u>Flaten v. Secretary of Health & Human Servs.</u>, 44 F.3d 1453, 1458 (9th Cir. 1995).

4

1  medical testimony was unhelpful, explore lay witness testimony).[5]  See Armstrong
2  v. Commissioner of Soc. Sec. Admin., 160 F.3d 587, 590 (9th Cir. 1998).  The
3  ALJ's failure to do so was contrary to Ninth Circuit case law.

4

5      **C.    Reasonable Attorney Fees**

6          28 U.S.C.A. § 2412(d)(2)(A) limits attorney fees to "reasonable fees."  The
7  Court must determine what fees are "reasonable attorney fees" for the work
8  performed in this case.  28 U.S.C. § 2412(d)(2)(A).  Plaintiff has the burden of
9  proving by clear and convincing evidence, including proper documentation, that
10 the hours claimed were reasonably expended and not "excessive, redundant, or
11 otherwise unnecessary."  Hensley v. Eckerhart, 461 U.S. 424, 434, 103 S.Ct. 1933,
12 76 L.Ed.2d 40 (1983); see Sorenson v. Mink, 239 F.3d 1140, 1145 n.2 (9th Cir.
13 2001) (noting applicability of Hensley to award of fees under the EAJA).

14              1.    Hourly Rate

15         28 U.S.C. § 2412(d)(2)(A)(ii) provides that "attorney fees shall not be
16 awarded in excess of $125 per hour unless the court determines that an increase in
17 the cost of living or a special factor, such as the limited availability of qualified
18 attorneys for the proceedings involved, justifies a higher fee."

19         In his Motion, plaintiff requests that the fees of his counsel, Stephanie M.
20 Simpson, be based upon an hourly rate of $145 per hour.  (Motion at 9).
21 Defendant does not contest this billing rate.  Considering both a cost of living
22 increase and defendant's lack of opposition to plaintiff's requested  rate, the Court

23  _____

24         [5]     In a September 17, 1998 letter, Dr. Tooke noted that plaintiff had "related that his
    back pain had started and has been constant since a work injury which I noted to have been 'about
25  1990'.  In fact, subsequent affidavit has been received . . . indicating that the injury occurred on 11-
    22-89 when he fell through a kitchen ceiling on a house on which he was working."  (AR 203).  Dr.
26  Tooke further noted that "[i]t is my understanding that [plaintiff] has been continuously disabled
    since 11-89 and that his central disc herniation at L4-5 is a result of that injury."  (AR 203).
27  Although this evidence does not establish that plaintiff had been disabled since his date last insured,
    at the very least, it raised doubt as to his onset date.
28

                                        5

1    accepts the hourly rate of $145 as reasonable.

2

3              2.    Reasonableness of the Hours

4        For services rendered at the district court level, plaintiff requests an award

5    of fees for 31.5 hours at $145 per hour for a total of $4,567.50, and $150 for filing

6    fees. (Motion at 8). Plaintiff's counsel delineated the allocation of her services to

7    the following activities: on December 8, 2003, 0.5 hour for preparing and filing

8    plaintiff's Complaint; from July 23, 2004 to September 10, 2004, a total of 24

9    hours for preparing the Joint Stipulation; and on September 27, 2004 and

10   September 28, 2004, a total of 7 hours for preparing plaintiff's Objections to the

11   Report and Recommendation ("Objections to R&R"). (Motion at 8). For services

12   provided at the Ninth Circuit, plaintiff requests an award of fees for 39 hours at

13   $145 per hour for a total of $5,655, and $105 for filing fees. (Motion at 7).

14   Plaintiff's counsel asserts that she provided the following services at the appellate

15   level: on January 22, 2005 and February 8, 2005, a total of 2 hours for "Interview

16   and Conference"; from March 1, 2005 to March 8, 2005, a total of 23 hours

17   preparing plaintiff's Opening Brief to the Ninth Circuit ("Opening Brief"); also on

18   March 8, 2005, 1 hour for preparing "Excerpts of Record"; and from April 30,

19   2005 to May 2, 2005, a total of 13 hours preparing plaintiff's Reply Brief to the

20   Ninth Circuit ("Reply Brief"). (Motion at 7).

21       Defendant argues that plaintiff's claim for EAJA fees based on 70.5 hours is

22   not reasonable. (Opposition at 7-8). Specifically, defendant contends that at least

23   30 hours (or $4,350 at the requested rate of $145 per hour) should be deducted

24   from plaintiff's request because counsel's time is inadequately documented, the

25   issues were not complicated, and counsel's efforts were duplicative. (Opposition

26   at 7-8). The Court agrees.

27       Plaintiff has provided an extremely brief summary of the tasks related to the

28   hours expended. This hinders the Court's ability to adequately determine the

6

1 reasonableness of the time expended on discrete tasks.[6] Moreover, all of counsel's

2 activities, except for one (i.e., preparing the Complaint which was assessed 0.5

3 hour), have been billed in one-hour increments. Such assessments cast doubt on

4 the reasonableness of counsel's billing records and compromise the integrity of the

5 entire fee request. See Hensley, 461 U.S. at 433 ("Where the documentation of

6 hours is inadequate, the district court may reduce the award accordingly.").

7     Additionally, the case involved routine issues which were not complex.

8 Specifically, plaintiff's contentions before this Court were that the ALJ erred in

9 finding that plaintiff did not meet or equal a Listed Impairment,[7] that the ALJ

10 failed to properly evaluate Dr. Tooke's opinion, and that the ALJ failed to

11 properly evaluate plaintiff's subjective allegations. These are common

12 contentions in Social Security cases. Moreover, the medical records were not

13 extensive, and plaintiff's counsel should have been familiar with their contents

14 given that she represented plaintiff during his administrative proceedings. Indeed,

15 counsel had previously raised these claims (albeit very concisely) in plaintiff's

16 brief submitted to the Appeals Council. (AR 239-41).

17     Furthermore, plaintiff's counsel billed excessively for work in which she

18 primarily re-argued points already raised in previous briefs. The arguments

19 contained in plaintiff's Objections to R&R, Opening Brief, and Reply Brief are

20 mostly duplicative of those presented in the Joint Stipulation.[8] Accordingly, the

21

---

22     [6] For example, entries such as "Interview and Conference" and "Excerpts of Record"

23 fail to enlighten the Court as to the exact nature of plaintiff's counsel's activities. (See Motion at

24 7).

25     [7] Plaintiff's first two claims were interrelated as his contention that he met or equaled a Listed Impairment was primarily based on Dr. Tooke's opinion.

26     [8] In the Objections to R&R and Opening Brief, plaintiff also argued that the ALJ

27 should have called upon the services of a medical expert to determine the onset date of disability. This claim was not expressly raised in the Joint Stipulation. However, this claim was previously

28 raised in plaintiff's Brief to AC.

7

1    Court has modified several entries submitted by plaintiff.  Only those figures that

2    have been reduced by the Court are addressed below:

3            (1)    24 hours to prepare the Joint Stipulation

4            It appears that plaintiff's counsel spent 15 hours in drafting plaintiff's initial

5    arguments and 9 hours in preparing plaintiff's reply arguments.[9] (Motion at 8).

6    Given that the issues raised in the initial arguments were previously raised in

7    plaintiff's Brief to AC, highly experienced counsel should not have reasonably

8    spent 15 hours to prepare the initial arguments (including the background

9    statement).  The Court reduces this time to 13 hours.  In addition, a claim for 9

10   hours for drafting plaintiff's reply arguments is grossly excessive considering that

11   they were only 4 pages long, raised no novel or difficult issues, and primarily

12   restated plaintiff's arguments already raised in the initial arguments.  The Court

13   reduces this time to 4 hours.  Therefore, the Court reduces the time spent on

14   preparing the whole Joint Stipulation to 17 hours.

15           (2)    7 hours to prepare the Objections to R&R

16           The Objections to R&R contained the same claims with the same arguments

17   as those presented in plaintiff's Brief to AC and the Joint Stipulation.  Moreover,

18   the Objections to R&R was only 7 pages long.  Therefore, the Court reduces the

19   time to 4 hours.

20           (3)    23 hours to prepare the Opening Brief

21           Again, the Court finds this time to be grossly excessive given that the

22   Opening Brief primarily re-argued the points already raised in the Brief to AC and

23

24   ───────────────

         [9]    Although plaintiff's counsel did not expressly delineate the number of hours spent
25   on plaintiff's initial arguments compared to plaintiff's reply arguments, it can be inferred based upon
     the days she worked.  In preparing the Joint Stipulation, counsel worked, on continuous days, from
26   July 23, 2004 to July 26, 2004, and from September 8, 2004 to September 10, 2004. (Motion at 8).
     Given that counsel had to wait for defendant to submit his contentions before preparing plaintiff's
27   reply arguments, it is reasonable to assume that the three consecutive days of service rendered in
     September concerned the drafting of plaintiff's reply arguments.
28

                                              8

1  Joint Stipulation.[10] Indeed, the Opening Brief contains no new case citations. The
2  Court cuts this time to half, and deducts 11.5 hours.

3        (4) 13 hours to prepare the Reply Brief

4        The Reply Brief was only 7 pages, raised no novel or difficult issues, and
5  contained the same arguments as those contained in the Brief to AC, Joint
6  Stipulation, and Opening Brief. The Court allows 4 hours for this task and
7  deducts 9 hours.

8        Therefore, the total number of hours claimed for attorney services rendered
9  in the action before this Court and the Ninth Circuit should be reduced from 70.5
10 hours to 40 hours. The Court finds this number reasonable. See, e.g., Chandler v.
11 Secretary of Dept. of Health & Human Servs., 792 F.2d 70, 73 (6th Cir. 1986)
12 (forty-one hours for social security case found to be excessive); Vanover v.
13 Chater, 946 F. Supp. 744, 746 (E.D. Mo. 1996) (forty-two hours for social security
14 case was excessive and reduced to twenty-eight); Lanter v. Heckler, 656 F. Supp.
15 19, 21 (S.D. Ohio 1986) (twenty to thirty hours is a reasonable expenditure of time
16 for Social Security cases); cf. Patterson v. Apfel, 99 F. Supp. 2d 1212, 1214-15
17 (C.D. Cal. 2000) (finding 37.25 hours to be a reasonable fee award in a Social
18 Security case which involved matters which were "not routine").

19       Multiplying the recoverable hours by the appropriate hourly rate results in
20 the following formula:

21       40 hours x $145 hourly rate      =      $5,800.00
22       Filing fees of $105 and $150     =      $255.00
23                                **Total**      $6,055.00

24

25

26

27  ─────────────
    [10]    Moreover, a large portion of the statement of the facts contained in the Opening Brief
28  was already outlined in the Joint Stipulation.

                                    9

### III. RECOMMENDATION

For the reasons discussed above, it is recommended that the court issue an Order: (1) approving and accepting this Report and Recommendation; (2) granting plaintiff's motion for EAJA fees; and (3) directing that an Order be entered awarding EAJA fees in the reduced amount of $6,055.00.

Date: January 9, 2008

_____/s/_____

STEPHEN J. HILLMAN

UNITED STATES MAGISTRATE JUDGE